# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDY MCCAA,**

    Plaintiff,

v.                                                                              Case No. 20-CV-30

**CAPTAIN BAUMANN,** *et al.,*

    Defendant(s).

## SCREENING ORDER

Plaintiff Randy McCaa, an inmate confined at the Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. I have jurisdiction to screen the complaint and resolve the pending motions in light of McCaa's consent to full magistrate judge jurisdiction and the Wisconsin Department of Justice's consent to limited magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

### 1. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because McCaa was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then

pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 10, 2020, I ordered McCaa to pay an initial partial filing fee of $ 17.16. (ECF No. 6.) McCaa paid that fee on January 30, 2020. I will grant McCaa's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. See *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

*2.2 Complaint Allegations*

McCaa was an inmate at the Green Bay Correctional Institution ("GBCI") at the time relevant to this matter. (ECF No. 1, ¶ 3.) Defendants Baumann and Elsinger were correctional officers at GBCI; defendant Garland was a nurse at GBCI. (*Id.*, ¶¶ 4-6.)

On September 12, 2015, McCaa was on observation status in cell 208. (*Id.*, ¶ 10.) He had suicidal thoughts and strong urges to cut himself. (*Id.*) McCaa told Bauman that he had sharp objects in his cell and he "flashed" a razor blade and a sharp pen tip. (*Id.*, ¶¶ 11-12.) McCaa then "vowed that [he] would cut a vein in [his] arm and bleed out." (*Id.*) Bauman replied "Well, I don't see no injury yet that is endangering your safety, so I'm not concerned about that contraband." (*Id.*, ¶¶ 13-14.) McCaa later cut his left arm, causing him to "bleed and squirt blood all over his cell." (*Id.*, ¶¶ 15-16.)

On November 14, 2015, McCaa was on "control" status in cell 405. (*Id.*, ¶ 17.) He experienced suicidal thoughts and strong urges to cut himself. (*Id.*, ¶ 18.) McCaa "knew if he wasn't place in bed restraints; he would not stop at nothing from harming himself." (*Id.*, ¶ 19.) He told Elsinger that there was a "high risk" that he would cut

3

himself with a razor if he wasn't placed in bed restraints. (*Id.*, ¶¶ 20-21.) MaCaa then "flashed" a razor blade and "demanded that he be placed in bed restraints." (*Id.*) Elsinger responded that he would not place McCaa in bed restraints without evidence of actual self-harm. (*Id.*, ¶¶ 22-23.) Elsinger then said that he would return later to check on McCaa. (*Id.*, ¶ 24.) McCaa reiterated that he would cut himself if he wasn't placed in bed restraints. (*Id.*, ¶ 25.) Elsinger responded, "Well, you is on obs; I can't do nothing else." (*Id.*, ¶ 26.) McCaa then cut himself several different times and eventually needed three stitches to close the wounds. (*Id.*, ¶¶ 27-29.)

The next day, on November 15, 2015, McCaa asked Elsinger for medical care for his wound. (*Id.*, ¶ 31.) Elsinger contracted Nurse Garland, who said that McCaa should wash the wound with soap and water. (*Id.*, ¶¶ 32-33.) Garland refused to provide any other medical treatment. (*Id.*, ¶ 35.) Elsinger failed to give McCaa soap. (*Id.*, ¶ 34.) As a result, the wound became painful, inflamed, and started seeping clear liquid. (*Id.*, ¶¶ 35-36.) For relief, McCaa seeks monetary damages.

*2.3 Analysis*

To state a claim for relief under 42 U.S.C. § 1983, McCaa must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

McCaa, however, must also comply with the Federal Rules of Civil Procedure. He can only join multiple defendants in a single case if he asserts claims that arise

4

out of the same events or incidents and involves questions of law or fact common to all the defendants. Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). While multiple claims against a single party are fine, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2).

McCaa's complaint contains unrelated claims against different defendants. To fix that issue, McCaa can write his complaint in one of two ways: (1) a self-harm claim against Baumann only regarding the September 12 cutting incident; or (2) a self-harm claim and a medical care claim against Elsinger and Garland only regarding the November 14-15 incidents. McCaa, however, cannot bring both claims in one lawsuit because the claims do not have questions of law or fact common to all the defendants.

Before I *sua sponte* "sever[es] the action into separate lawsuits or dismiss[es] the improperly joined defendants," *see Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011), I will give McCaa an opportunity to choose how to proceed. McCaa should file an amended complaint that focuses on one of the claims above. He can bring his other claim in separate lawsuit, if he wishes. If McCaa does not file an amended complaint consistent with the instructions in this decision, I will allow McCaa to proceed with his first claim against Baumann and will dismiss the improperly joined defendants and claims.

### 3. Motion for Preliminary Injunction

McCaa filed a motion for preliminary injunction asking for "bed restraints" to prevent self-harm. (ECF No. 3, ¶ 4.) McCaa is no longer incarcerated at the Green Bay Correctional Institution, so I will deny the motion as moot. If McCaa still needs bed restraints, he should file a request at the Waupun Correctional Institution. McCaa cannot use this lawsuit to retrieve a preliminary injunction against individuals at Waupun because those individuals are not defendants in this case.

**THEREFORE, IT IS ORDERED** that McCaa's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of McCaa shall collect from his institution trust account the **$332.84** balance of the filing fee by collecting monthly payments from McCaa's prison trust account in an amount equal to 20% of the preceding month's income credited to McCaa's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If McCaa is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS ORDERED** that McCaa's motion for preliminary injunction (ECF No. 3) is **DENIED**.

**IT IS ORDERED** that McCaa may file an amended complaint that complies with the instructions in this order on or before **March 28, 2020**. If McCaa does not

file an amended complaint by the date above, the court will allow him to proceed with his first claim against Baumann and will dismiss the improperly joined defendants and claims.

**IT IS ORDERED** that a copy of this order be sent to the officer in charge of the agency where McCaa is confined.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

McCaa is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
Nancy Joseph
United States Magistrate Judge